JOHN T. MARSHALL v. CHAS. R. BROWN, ET AL.

**Claim of Title to Real Estate.**

One having no paper title to real estate, if he claims title must rely entirely upon whatever right he may have acquired by actual possession.

**Boundary Lines Fixed by Deed.**

Those claiming and holding the possession of real estate under a deed of conveyance to their ancestor are bound by the boundary of the land as described in such deed, where there is no allegation of mistake made in such calls or an attempt to reform the deed.

APPEAL FROM HARDIN CIRCUIT COURT.

May 26, 1883.

OPINION BY JUDGE LEWIS:

In 1798 a tract supposed to contain three hundred seventy-six acres, but now found to contain four hundred sixty-five acres, was

patented to Marsh Marshall, who in 1802 conveyed by metes and bounds a portion thereof, estimated to contain two hundred six acres, to Pierpont, who in 1803 conveyed the same to Bartness. The latter held possession until he sold and conveyed the same to Troutman and put him in possession, but never made a deed therefor, though Troutman took possession and held until 1846, when he sold it to John Brown, the ancestor of appellees, who, though holding possession from the date of his purchase, did not receive a deed until 1856.

In 1840 a decree of court was rendered for a sale of the residue of the original tract, and one Florence became the purchaser, receiving a deed therefor executed by the commissioner of the court in 1847. Though no deed was produced by appellees to their ancestor, it is in evidence that he purchased from Florence and took possession of the latter tract.

The question involved in this case is as to the location of the division line between the tract sold by Troutman to John Brown, claimed by appellees, and the one sold under decree of court to Florence, which is claimed by appellant, though it will be perceived that neither party to this appeal has a legal title to the land in dispute traceable to the commonwealth. As to appellant he has exhibited no paper title at all, and must therefore rely entirely upon whatever right he may have acquired by actual possession.

The appellees claim and hold under the deed from Troutman to their ancestor, and they are bound by the boundary of the land as described in that deed, there being no allegation that there was a mistake made in the calls, or attempt made to reform the deed. As appellant has no paper title and has not had the actual possession of the land in dispute long enough to avail himself of the statute of limitations, he is also bound by the boundary as thus described, for appellees, as they allege in their answer, have had the possession under that deed claiming to the extent of the boundary described therein from 1856, if not from 1846. There is no dispute about any of the lines and corners of the original tract patented to Marshall. Consequently wherever they are called for in the deed from Troutman to Brown they must be followed.

Beginning at "E" on the plat of the surveyor, which corner was made at the time Marshall sold to Pierpont, and which both parties to this appeal concede is fixed and determined, the calls of the deed

from Troutman to Brown follow the meanders of the stream to "A", a patent corner. From then the call as to course and distance and corner is identical with the calls of the patent. So the parties are bound to go to "B". From "B," the course of the call, if the deed is the same as the patent call, and it is inevitable that line must be followed, is the distance called for in the deed, for there is no marked corner on that line short of the point called for in the deed.

The cause of this controversy arises at this point. Instead of putting in the deed the same call from this point, that is continued in the deed from Marshall to Pierpont, and from the latter to Bartness, viz: N. 81 W. to the beginning, the call in the deed is manifestly by mistake, S. 81 W. to the beginning. Being at "C" on the plat, by calls of the deed that correspond with the lines and corners called for in the patent, and in the deed from Marshall to Pierpont, etc., about which there is no dispute, the next call for the beginning corner must be followed and the survey thus closed notwithstanding the course called for does not carry us to the beginning. The fact that a marked line from "E" to "F" and a corner at "F" is shown is not sufficient to change the well settled rule above indicated for closing the survey, especially as the age of the marks, though found to have been ancient, are not shown to correspond with the date of the original deed, and the trees are not identified as line or corners adopted when the deed was made from Marshall to Pierpont, or from Troutman to Brown.

The law and facts in this case having been submitted to the court for trial, and the judgment rendered, we are not authorized to disturb the judgment, but we are of the opinion that the judgment should be *affirmed*.

*Hays & Bush,* for appellant.
*Wilson & Hobson,* for appellees.